<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TONY COLIDA,

       Plaintiff,

v.

MATSUSHITA ELECTRIC CORP. OF
AMERICA,

       Defendant.

Civ. No. 03-2904 (WGB)

**O P I N I O N**

**<u>APPEARANCES</u>:**

Tony Colida
18 Lakeshore Drive
Suite 813
Pointe Claire, Quebec H9S 5X9
Canada

     Plaintiff <u>Pro Se</u>

Peter J. Pizzi, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068

Gustavo Siller, Jr., Esq.
William F. Prendergast, Esq.
Tadashi Horie, Esq.
Bryan P. Sugar, Esq.
Brinks Hofer Gilson & Lione
NBC Tower-Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611

     Attorneys for Defendant

**BASSLER, DISTRICT JUDGE:**

Before this Court is a motion brought pursuant to Federal Rule of Civil Procedure 56 by defendant Matsushita Electric Corp. of America ("Matsushita" or "Defendant") for summary judgment on the issue of patent infringement.  Plaintiff Tony Colida ("Plaintiff") opposes Defendant's motion.

Plaintiff filed this lawsuit on June 17, 2003, alleging infringement by Defendant of U.S. Design Patent No. Des. 321,347 (the "'347 Patent") and U.S. Design Patent No. Des. 321,349 (the "'349 Patent"), and seeking damages and an accounting of sales of Defendant's allegedly infringing product, a cellular telephone. Defendant answered on July 22, 2003, denying infringement of Plaintiff's design patents.  Defendant also filed a counterclaim for a declaratory judgement that Defendant's product does not infringe either the '347 Patent or the '349 Patent and that the '347 Patent and the '349 Patent are invalid and unenforceable.

The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper pursuant to 28 U.S.C. § 1391.

For the reasons set forth below, Defendant's motion for summary judgment is **granted**.

<u>**FACTUAL BACKGROUND**</u>

Defendant has submitted a 56.1 Statement in compliance with Local Civil Rule 56.1.  Plaintiff, as the party opposing the

2

summary judgment motion, is also required to submit a 56.1 Statement, but failed to do so. Plaintiff submitted only an "Amended Contestation by Plaintiff on Defendant's Motion for Summary Judgment," consisting mainly of arguments and conclusory statements. Under Local Rule 56.1, "facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted." *Hill v. Algor*, 85 F. Supp 2d. 391, 408 n.26. In recognition of Mr. Colida's status as a pro se litigant, the Court is willing to look to Plaintiff's opposition papers for any contestation of the items listed in Defendant's 56.1 statement. However, the Court finds no dispute as to material facts, and specifically finds the following facts to be undisputed:

Plaintiff is an individual residing at 18 Lakeshore Drive, Suite 813, Pointe Claire, Quebec H9S 5X9, Canada.

Matsushita is a company engaged in the sale of mobile phones in the United States, with its principal head office at One Panasonic Way, Seacaucus, New Jersey 07094.

Plaintiff is the owner of the '347 Patent and the '349 Patent.

Defendant sells a cellular phone designated as the Panasonic GU87 ("the GU87 phone") in the United States.

_____

**DISCUSSION**

**A.   Summary Judgment Standard**

Summary judgment is appropriate only if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). The applicable substantive law determines whether or not a fact is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In determining whether a genuine issue of material fact exists, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 305-06 (3d Cir. 2001) (citing *Anderson*, 477 U.S. at 248).

The moving party has the initial burden of showing that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If moving party satisfies this requirement, the burden shifts to the nonmoving party to present evidence that there is a genuine issue for trial. *Id.* at 324.

As there are no disputed issues of material fact in this case, it is ripe for summary judgment.

4

**B. Infringement of Design Patents**

**1.  Standard of Review**

Design patents protect "new, original, and ornamental design[s]."  35 U.S.C. § 171.  They are in contrast to utility patents, which protect functional inventions.  35 U.S.C. § 101.

"Determining whether a design patent is infringed requires (1) construction of the patent claim, and (2) comparison of the construed claim to the accused product."  *Contessa Food Products, Inc. v. Conagra, Inc*., 282 F.3d 1370, 1376 (Fed. Cir. 2002).

"[C]laim construction is a matter of law for the court."  *Markman v. Westview Instruments, Inc*.  52 F.3d 967, 988 (Fed. Cir. 1995).  A design patent is permitted to have only a single, formal claim "to the ornamental design . . . as shown and described."  37 C.F.R. § 1.153.  Also, "[n]o description, other than a reference to the drawing, is ordinarily required."  *Id*. In construing the single claim of a design patent with reference to its drawings, a court must "limit[] the scope of the patent to its overall ornamental visual impression, rather than to [a] broader design concept."  *OddzOn Products, Inc. v. Just Toys, Inc*., 122 F.3d 1396, 1405 (Fed. Cir. 1997).

Once the claim has been construed, the court must then compare it to the accused infringing product.  This step comprises two distinct tests: (1) the "ordinary observer" test;

5

and (2) the "point of novelty" test.  *Contessa*, 282 F.3d at 1377.
The "ordinary observer" test was articulated by the Supreme Court
133 years ago in *Gorham Mfg. Co. v. White*:

> [I]f, in the eye of an ordinary observer, giving such
> attention as a purchaser usually gives, two designs are
> substantially the same, if the resemblance is such as
> to deceive such an observer, inducing him to purchase
> one supposing it to be the other, the first one
> patented is infringed by the other.

81 U.S. (14 Wall.) 511, 528 (1871).  To find infringement, it is
also necessary to apply the second, "point of novelty" test.
This test "requires proof that the accused design appropriates
the novelty which distinguishes the patented design from the
prior art."  *Contessa*, 282 F.3d at 1377.

**2.  The '347 Patent**

**a.  Claim Construction**

The '347 Patent includes as its single formal claim: "The
ornamental design for a portable cellular handset telephone, as
shown and described," accompanied by eight figures depicting the
design from various viewpoints and in both open and closed
positions.  U.S. Patent No. Des. 321,347 (issued Nov. 5, 1991).

Viewing the eight figures of the '347 Patent, the Court
finds that the scope of the claimed design is for a folding
cellular telephone handset, each of whose two halves is
characterized by a distinct, sinuously curved shape, appearing
relatively featureless in a closed position, and in an open
position revealing a screen occupying less than half of the top

6

portion of the phone and a set of uniformly shaped buttons occupying the bottom half. The design also comprises a small oval-shaped feature on the top half, evidently a speaker, and a horizontal, rectangular-shaped feature on the bottom half, evidently a microphone.

**b.   Comparison to Accused Infringing Product**

Defendant provided to the Court a sample of the GU87 phone. ("Sample Phone").  Comparing the claim of the '347 Patent as construed above to the Sample Phone and applying the ordinary observer test, the Court finds that no reasonable trier of fact could find the design of the '347 Patent and the design of the GU87 to be so similar as to fall within the framework of the *Gorham* test.  *Gorham*, 81 U.S. at 528.  That is, no ordinary observer could be deceived into purchasing a phone based on one of these designs "supposing it to be the other."  *Id*.

Differences between the design claimed by the '347 Patent and the accused product leading to a conclusion of lack of substantial similarity include: (1) While the two halves of the phone in the '347 Patent are sinuously curved, the two halves of the GU87 phone are flat to slightly curved; (2) While the phone in the '347 Patent appears relatively featureless while closed, the GU87 phone has a small screen and a camera lens that are visible when the phone is in a closed position; (3) While the '347 Patent phone has a relatively small screen visible in the

upper portion, the GU87 phone has a screen that occupies almost all of the upper portion; (4) While the '347 phone has rows and columns of uniformly shaped buttons in the lower portion, the GU87 phone includes some buttons of different shapes not all of which are arranged in rows and columns; and (5) While the '347 phone has an oval-shaped speaker hole and a horizontal rectangular-shaped microphone hole, the GU87 phone has a shell-shaped speaker hole and a small vertical microphone.

As the Court finds a lack of substantial similarity based on the ordinary observer test, there is no need to apply the "point of novelty" test.

**3. The '349 Patent**

**a. Claim Construction**

The '349 Patent has as its single formal claim: "The ornamental design of a cellular portable handset telephone, as shown and described." U.S. Patent No. Des. 321,349 (issued Nov. 5, 1991).

Viewing the six figures of the '349 Patent, the Court finds that the scope of the claimed design is for a folding cellular telephone handset having a top half noticeably longer than the bottom half, such that a distinctively bent portion of the top half overhangs the bottom half when the phone is closed. The scope of the design also comprises: circularly-shaped buttons arranged in rows and columns on the top half; a small rectangular

8

screen in the top half; a small oval feature in the top half,
evidently a speaker; and a larger oval feature in the bottom
half, evidently a microphone.

**b.  Comparison to Accused Infringing Product**

     Comparing the claim of the '349 Patent as construed above to
the Sample Phone and applying the ordinary observer test, the
Court finds that, similar to the '347 Patent, no reasonable trier
of fact could find the design of the '349 Patent and the design
of the GU87 to be so similar as to fall within the framework of
the *Gorham* test.  *Gorham*, 81 U.S. at 528.  That is, no ordinary
observer could be deceived into purchasing a phone based on one
of these designs "supposing it to be the other."  *Id*.

     Differences between the design claimed by the '349 Patent
and the accused product leading to a conclusion of lack of
substantial similarity include: (1) While the top half of the
phone in the '349 Patent is noticeably longer than the bottom
half, and a distinctively bent portion of the top half overhangs
the bottom half, the two halves of the GU87 phone are
substantially more similar in length, and exhibit no overhang
when closed; (2) While the phone of the '349 Patent has
circularly-shaped buttons arranged in rows and columns in the top
half, the GU87 phone has teardrop-shaped buttons in the bottom
half, not all of which are arranged in rows and columns; (3)
While the phone of the '349 Patent has oval-shaped speaker and

microphone holes, the GU87 phone has a shell-shaped speaker hole and a small, vertical, rectangular-shaped microphone hole.

As the Court finds a lack of substantial similarity based on the ordinary observer test, there is no need to apply the "point of novelty" test.

## CONCLUSION

The Court finds, as a matter of law, that the GU87 phone does not infringe either of Plaintiff's patents—the '347 Patent or the '349 Patent.   Accordingly, Defendant's motion for summary judgment is hereby **granted**.   An appropriate order follows.

Dated: March 26th, 2004

/s/ William G. Bassler
U.S.D.J.